**Douglas H. G. PIERSON, Plaintiff,**

**v.**

**DE LA WARR SCHOOL DISTRICT et al., Defendants.**

Court of Chancery of Delaware, New Castle.

Sept. 23, 1971.

Jacob Kreshtool and Sheldon N. Sandler, of Bader, Dorsey & Kreshtool, Wilmington, for plaintiff.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, for defendants.

DUFFY, Chancellor:

Douglas H. G. Pierson, a high school teacher of driver education, (plaintiff) filed this action for a judgment declaring that his contract of employment has not been terminated and for a mandatory injunction directing reinstatement. De La

Warr School District, which employed plaintiff, its Board of Education and the members thereof (defendants) moved to dismiss the action on grounds that, (a) the Court lacks jurisdiction over the subject matter and, (b) the complaint fails to state a claim upon which relief can be granted.

A.

Plaintiff, an untenured first-year employee of the De La Warr District, received a letter dated April 30, 1971 from its Director of Personnel advising that at the May 13 meeting of the Board of Education the Director would recommend that he not be re-employed.[1] Plaintiff attended and participated in that meeting, but a decision as to re-employment was not made at that time.

On May 22 plaintiff wrote to the Board requesting a hearing; in response, he received on May 27 a letter stating that the. Board had met on May 26 and decided, (a) not to proceed further with year-end termination of his employment under 14 Del. C. § 1410, (b) pursuant to 14 Del.C. § 1420 his services would terminate effective June 29, 1971 (i. e., during the school year),[2] (c) his employment was suspended immediately,[3] and (d) his request for hearing was denied in view of 14 Del.C. § 1403.

B.

Before proceeding to the merits, it should be said that we are not concerned with the statutory or other rights of a tenured teacher. Nor are we concerned with the "retention rights" of any teacher, whether tenured or not. And, in the view I take of the case, it is not necessary to consider any of plaintiff's constitutional rights. The decision is based upon an interpretation of certain statutes in Title 14

1. The stated reasons were plaintiff's "difficulties in following prescribed procedures and in arriving at work at the specified time."

2. The stated reasons were "incompetency and your neglect of duty."

3. The letter stated:
   "Because of the serious degree of your incompetency and your neglect of duty the Board also instructed me to advise you that you are suspended as a teacher in this district effective immediately."

of the Delaware Code as applied to a non-tenured teacher dismissed during the school year.

Chapter 14 of Title 14 fixes the procedural steps necessary for dismissal of professional employees. Section 1420, with which we are primarily concerned, applies to termination of such employees *during* (as opposed to after) the school year. It reads:

> "Termination of any teacher's services during the school year shall be for one or more of the following reasons: immorality; misconduct in office; incompetency; disloyalty; neglect of duty, or willful and persistent insubordination. Such teacher shall be given the same opportunity to be heard and right of appeal as provided in sections 1412, 1413, and 1414 of this title, and the board shall give notice in writing to such teacher of its intention to terminate the services of such teacher at least 30 days prior to the effective date of termination. Such written notice shall state the reasons for such termination of services. The board shall have the power to suspend any teacher pending a hearing if the situation warrants such action."

It thus grants to those in its purview the "same opportunity to be heard and right of appeal as provided in sections 1412, 1413, and 1414" of Chapter 14. Those sections fix a procedure to be followed for termination of services at the end of the school

year; § 1412 is concerned with a notice of termination, § 1413 fixes the hearing procedure to be followed by and before the terminating board (including right to counsel, the use of subpoenas, the right to cross-examination, and so on), § 1414 provides for judicial review.[4]

Sections 1412–1414 do not refer to either tenured or non-tenured teachers. Defendants argue, however, that these procedures are available only to tenured teachers. This is based on § 1403(a) which reads:

> "The provisions set forth in sections 1411, 1412, 1413 and 1414 of this title, covering reasons for termination, notice of termination, hearings before a board and judicial review shall apply to all teachers except those employed temporarily to replace professional personnel on leave of absence, those holding temporary certificates, and those not having completed three years of service in the State, two years of which shall be in the employ of the terminating board and further providing that time spent in military service shall not be counted as years of service for purposes of this chapter."

The argument, then, amounts to this: The entire chapter is applicable only to tenured teachers, only a tenured teacher has a right to hearing under § 1420, plaintiff was not tenured, therefore he has no right to hearing and appeal under §§ 1412–1414. The issue raised by that argument is this: Do the provisions of § 1403, which exclude

---

4. 14 Del.C. § 1414 provides:
    "A decision of the board shall be final and conclusive unless, within ten days after a copy thereof has been received by the teacher, the teacher appeals to the Superior Court for the county in which the teacher was employed. In case of every such appeal, the cause shall be determined by the Court from the record which shall include a certified copy of the evidence, findings and the decision of the board, without the aid of a jury. The notice of appeal and all other matters regulating the appeal shall be in the form and according to the procedure as shall be provided by the Rules of the Superior Court. The

Court shall decide all relevant questions of law and all other matters involved, and shall sustain any board action, findings and conclusions supported by substantial evidence. The Court may reverse, affirm or modify the decision of the board or remand the cause to the board for a rehearing. In case any cause shall be remanded to the board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the board. If the decision is in favor of the teacher, he shall be fully reinstated and shall receive all salary lost as a result of his temporary dismissal or suspension."

non-tenured teachers from right to a hearing and judicial review when services are terminated at the end of the school year, apply to § 1420 which provides right to notice, hearing and judicial review when services are terminated during the school year? I conclude that § 1403 does not apply.

The language of § 1420 is broad: by its terms it is applicable to *any* teacher whose services are terminated during the school year. And a "teacher" means any person certified to teach and who is teaching. § 1401. In describing the procedure by which termination is to be accomplished, § 1420 does not incorporate §§ 1412–1414; it specifies, rather, that a teacher whose services are terminated during the school year shall be given "the same opportunity to be heard and right of appeal" as provided in §§ 1412–1414. It does not incorporate other statutory provisions which bear substantively upon those sections (and § 1420 has no reference whatever, directly or indirectly, to § 1403). In short, I read § 1420 as establishing an independent ground for termination with its own procedural requirements which are fixed by reference merely to avoid repetition of the language.

■ This view of the statute which would give "any" teacher terminated during the school year a right to hearing is confirmed by what appear to be the statutory ancestors of § 1420. Thus 14 Del.C. § 747 and 14 Del.C. § 977 (which have been repealed) both provided a right to hearing and appeal for "any" suspended or dismissed teacher whose alleged conduct involved immorality, misconduct in office,

incompetency—all of which are found now in § 1420.[5] It seems unlikely that the General Assembly intended to eliminate procedural rights which a teacher had when faced with a firing or suspension. The reasonable inference is that the General Assembly intended to continue to provide a hearing for a teacher dismissed during the school year.

Finally, it seems to me that any ambiguity in the statute should be resolved in favor of providing a hearing for a teacher dismissed during the year even though non-tenured. Such dismissal amounts to termination of a contract for cause and, considering the circumstances, there is obviously much more potential for permanent damage to reputation and an opportunity to earn a livelihood when dismissal occurs during the year than there is when a contract is simply not renewed at the end of the year.

### C.

Finally, I turn to the question of what order should be entered in light of what I have said. Consistent with their view that § 1420 did not give plaintiff a right to hearing, defendants at first conceded that he was therefore without a remedy at law and Chancery had jurisdiction of his complaint. But the Court raised the question of subject matter jurisdiction *sua sponte* (which I think it is obliged to do) and gave counsel an opportunity to discuss it. I understand defendants to contend now that this Court is without jurisdiction.

As stated above, there is a remedy at law available to a non-tenured teacher whose services are terminated during the

5. 14 Del.C. § 747 and § 977 were substantially the same: § 977 read as follows:
   "(a) The Board of Education may suspend or dismiss any superintendent, teacher, officer or employee appointed by it for immorality, misconduct in office, incompetency, or wilful neglect of duty. The charges shall be stated in writing and the superintendent, teacher

or other officer or employee shall be given an opportunity of being heard by the Board upon not less than ten days' notice.
   "(b) If the Board should decide against the superintendent, teacher, officer or employee, he or she may appeal to the State Board of Education."

school year; there is a right to hearing by the terminating board and a right of appeal to the Superior Court. It therefore follows, speaking generally, that this Court does not have subject matter jurisdiction. 10 Del.C. § 342. But plaintiff did not receive the hearing to which he is entitled. While his request for hearing did not refer specifically to § 1420 (it was indeed made before he received the notice of termination under that statute), defendants' counsel, with commendable candor, stated that if a request had been made under that statute, it would have been refused by the Board.

■ The alternatives seem to be to hold the hearing in this Court or to give the Board an opportunity to do so and thus enable plaintiff to pursue his remedy at law, if necessary. The latter is certainly the statutory plan. · Under the special circumstances of this case, I regard plaintiff's letter of May 22 to the Board as a request for hearing on whatever statutory basis he had.[6] Accordingly, defendants' motion to dismiss will be granted on condition that it promptly make available to plaintiff a hearing under § 1420, with all of the statutory rights available to him under §§ 1412, 1413, and 1414.

6. The complete letter reads:
    "At this time I would like to request that a hearing in regards to the desposition [sic] of my contract be put on the agenda for a meeting of the De La Warr Board of Education."